UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LAURIE CRONAN,<br> Plaintiff,<br><br>v.<br><br>PETER NERHONA, *in his Capacity as RI Attorney General;* DANIEL BALLIRANOIN, *in his Capacity as General Magistrate, RI Family Court;* KERRY TRAVERSIN, *in her Capacity as Chief Counsel, RI Judicial Disciplinary Board;* DAVID CURTIN, *in his Capacity as Chief Counsel, RI Judicial Disciplinary Board;* REP MARVIN ABNEY, *RI Legislator;* REP MIA ACKERMAN, *RI Legislator;* REP EDITH AJELLO, *RI Legislator;* REP KAREN ALZATE, *RI Legislator;* REP SAMUEL AZZINARO, *RI Legislator;* REP JACQUELYN BAGINSKI, *RI Legislator;* REP JOSE BATISTA, *RI Legislator;* REP DAVID BENNETT, *RI Legislator;* REP NATHAN BIAH, *RI Legislator;* REP CHRISTOPHER BLAZEJEWSKI, *RI Legislator;* REP JENNIFER BOYLAN, *RI Legislator;* D. JON BRIEN, *RI Legislator;* REP JUSTINE CALDWALL, *RI Legislator;* REP EDWARD CARDILLO JR., *RI Legislator;* REP LAUREN CARSON, *RI Legislator;* REP STEPHEN CASEY, *RI Legislator;* REP JULIE CASIMIRO, *RI Legislator;* REP TERRI CORTVRIEND, *RI Legislator;* REP ARTHUR CORVESE, *RI Legislator;* REP GREGORY COSTANTINO, *RI Legislator;* REP MEGAN COTTER, *RI Legislator;* REP ROBERT CRAVEN SR., *RI* | C.A. No. 24-207-JJM-LDA |

| | |
|---|---|
| *Legislator;* REP CHERIE CRUZ, *RI Legislator;* REP MATTHEW DAWSON, *RI Legislator;* REP ANTHONY DESIMONE, *RI Legislator;* REP GRACE DIAZ, *RI Legislator;* REP SUSAN DONOVAN, *RI Legislator;* REP JOHN EDWARDS, *RI Legislator;* REP LEONELA FELIX, *RI Legislator;* REP DEBORAH FELLELA, *RI Legislator;* REP KATHLEEN FOGARTY, *RI Legislator;* REP JOSHUA GIRALDO, *RI Legislator;* REP ARTHUR HANDY, *RI Legislator;* REP BRIANNA HENRIES, *RI Legislator;* REP RAYMOND HULL, *RI Legislator;* REP KATHERINE KAZARIAN, *RI Legislator;* REP BRIAN KENNEDY, *RI Legislator;* REP REBECCA KISLAK, *RI Legislator;* REP JASON KNIGHT, *RI Legislator;* REP CHARLENE LIMA, *RI Legislator;* REP JOHN LOMBARDI, *RI Legislator;* REP ALEX MARSZALKOWSKI, *RI Legislator;* REP CAROL MCENTEE, *RI Legislator;* REP MICHELLE MCGAW, *RI Legislator;* REP JOSPH MCNAMARA, *RI Legislator;* REP MARY MESSIER, *RI Legislator;* REP DAVID MORALES, *RI Legislator;* REP WILLIAM O'BRIEN, *RI Legislator;* REP ROBERT PHILLIPS, *RI Legislator;* REP BRANDON POTTER, *RI Legislator;* REP ENRIQUE SANCHES, *RI Legislator;* REP PATRICIA SERPA, *RI Legislator;* REP MARYANN SHALLCROSS-SMITH, *RI Legislator;* REP EVAN SHANLEY, *RI Legislator;* REP JOSEPH SHEKARCHI, *RI Legislator;* REP A. SCOTT SLATER, *RI Legislator;* REP JOSEPH | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| SOLOMON JR., *RI Legislator*; REP JUNE SPEAKMAN, *RI Legislator*; REP TINA SPEARS, *RI Legislator*; REP JENNIFER STEWART, *RI Legislator*; REP TERESA ANN TANZI, *RI Legislator*; REP CAMILLE VELLA-WILKINSON, *RI Legislator*; REP BRANDON VOAS, *RI Legislator*; SEN. JACOB BISSAILLON; SEN. ROBERT BRITTO; SEN P. JOHN BURKE; SEN. SANDRA CANO; SEN. FRANK A. CICCONE III; SEN. ALANA DIMARIO; SEN. LOUIS DIPALMA; SEN. DAWN EUER; SEN. WALTER FELAG JR.; SEN. HANNA M. GALLO; SEN. VICTORIA GU; SEN. MEGHAN E KALLMAN; SEN. MATTHEW L. LAMOUNTAIN; SEN. PAMELA J. LAURIA; SEN. VALARIE J. LAWSON; SEN. FRANK S. LOMBARDI; SEN. T. TIARA MACK; SEN. MARK P. MCKENNEY; SEN. JOSHUA B. MILLER; SEN. MELISSA A. MURRAY; SEN. THOMAS J. PAOLINO; SEN. RYAN WILLIAM PEARSON; SEN. ANA B. QUEZADA; SEN. GORDON E. ROGERS; SEN. DOMINICK J. RUGGERIO; SEN. VIRGINIA SUSAN SOSNOWSKI; SEN. DAVID P. TIKOIAN; SEN. BRIDGET G. VALVERDE; DANIEL MCKEE, *in His Capacity as Governor of the State of Rhode Island*; PAUL ALLYN SUTTELL; *in His Capacity as Chief Justice, RI Supreme Court;* MICHAEL B. FORTE; *in His Capacity as Chief Judge, RI Family Court,*<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

3

## ORDER

The Applications for Entry of Default and the Motions for Default Judgment (ECF Nos. 30, 31, 32, and 33) are all DENIED. While Ms. Cronan is correct that none of the dozens of defendants have answered her Amended Complaint (ECF No. 17), the Amended Complaint was not properly served and therefore imposed no obligation to answer or otherwise respond. Defendants who do not have to answer a Complaint or tender any responsive pleading are not in default for not doing so.

Fed. R. Civ. P. 4(c) provides that service may be made by any adult who is *not a party* to the action. Service upon an individual, pursuant to Rule 4(e)(2), requires delivery "to the individual personally," leaving a copy at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," or delivering a copy to an agent authorized by appointment or law to receive service. A later pleading may be served on a person's office if left with "a clerk or other person in charge, ..." Fed. R. Civ. P. 5(b)(2). An Amended Complaint may be served per Rule 5(b)(2) instead of Rule 4(e) if it does not have any new claims for relief. *Blair v. City of Worcester,* 522 F.3d 105, 109 (1st Cir. 2008).

In this case, there has never been service that follows the Federal Rules of *either* the original Complaint or the Amended Complaint. With the original Complaint, Ms. Cronan filed a document called "Proof of Service" (ECF No.1-6) that declared, "I, Laurie A. Cronan, do swear or declare that on this date, May 17, 2024, as required by law, I have served the enclosed on each party ... by depositing an envelope ... in the United States mail ..." That service failed both because it was

made by a party *and* because a mailing is not the personal service required by Rule 4(e). As for the Amended Complaint, neither it nor the original Complaint make any plausible claims for relief; instead, they simply have a list of statutory and constitutional provisions Ms. Cronan believes were violated (ECF No. 1, at 11 and No. 17, at 20-27). Thus, it is difficult to figure out whether the Amended Complaint makes any new claims for relief. But whether it does or not, service of the Amended Complaint was *also* faulty. Ms. Cronan filed individual Returns of Service ECF Nos. 26, 27 and 28) but in every one *she* signed as "Server" of the Amended Complaint, again violating the rule that only a *non*-party may carry out service. In addition, the returns attest that the Amended Complaint was delivered to either the House or Senate chambers at the Rhode Island State House. That is not the residence or "usual place of abode" of any of the defendants. *See Neely v. Eshelman,* 507 F. Supp. 78, 80 (E.D. Pa. 1981) (service was not made personally or at "usual place of abode," when it was dropped off with another individual at a hospital where the defendant worked). The "usual place of abode" connotes a residence, not an office. *Id. See Cohen v. City of Miami,* 54 F.R.D. 274, 278 (S.D. Fla. 1972) (leaving summons and complaint with a secretary at the medical center was "patently inadequate").

The Court cannot grant the Applications for Default Judgment and Entry of Default considering the failure of service, and they are DENIED.

Moreover, the Court has carefully reviewed the Amended Complaint. It is 28 pages of declarations of legal principles that does not tie any factual allegations to particular claims of violations of law. Even considering Ms. Cronan's *pro se* status,

*Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (obligation to construe *pro se* complaints liberally), the Court cannot fill in the blanks for her. The only facts pled are that a Magistrate presided over Ms. Cronan's divorce, and the decree gave the majority of assets to her husband. She seeks more than $10 Million in compensatory and punitive damages, asserting that the Family Court Magistrates should not have been authorized to handle contested matters. She faults the General Assembly for enacting legislation that allowed them to do so and faults specifically Family Court Chief Judge Michael Forte and Supreme Court Chief Justice Paul Suttell, presumably for allowing that situation. She then blames all the members of the Rhode Island General Assembly for enacting the statute. Most of those defendants are immune from a suit for damages. Mr. Neronha has absolute immunity for prosecutorial functions. *Dababnah v. Keller-Burnside,* 208 F.3d 467, 471-72 (4th Cir. 2000). Both judges enjoy absolute immunity for judicial acts absent a "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Legislators enjoy absolute immunity for legislative acts. *Bogan v. Scott-Harris,* 523 U.S. 44, 49 (1998). If defendants are immune from suit, as they are here, the Complaint fails to state a viable claim for relief. *Dicenzo v. Probate,* No. 15-cv-30171-MAP, 2015 WL 9690895, at *6 (D. Mass. Nov. 19, 2015) (case dismissed under both Rule 12(h)(3) and 28 U.S.C. § 1915(a)). As for the remaining two defendants, the former and current Disciplinary Counsel of the Rhode Island Supreme Court, there are no factual allegations pled connecting them to Ms. Cronan.

Federal courts are courts of limited jurisdiction. Whenever it is clear to a federal court that federal jurisdiction is lacking because a Complaint fails to state a plausible federal claim for relief, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), the Court is bound to dismiss it for want of subject matter jurisdiction. Per Fed. R. Civ. P. 12(h)(3), which allows the Court to note a lack of subject matter jurisdiction at any time, the case is DISMISSED. Because there is no way Ms. Cronan can amend in a way that obviates the various immunities, leave to amend is not granted.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

August 14, 2024